DECISION AND JUDGMENT ENTRY
This is an accelerated appeal from a judgment of the Lucas County Court of Common Pleas which found that because plaintiff-appellant, Sandra Bauerschmidt Dombey, had failed to file her negligence action against defendant-appellant Seaway Foodtown, Inc. within the applicable statute of limitations period, Seaway Foodtown was entitled to summary judgment as a matter of law. From that judgment, appellant raises the following assignment of error:
 "The trial court erred in granting the defendant's Motion for Summary Judgment."
The undisputed facts of this case are as follows. On June 9, 1998, appellant slipped and fell at appellee's Seaway Foodtown store at Sylvania Avenue and Douglas Road in Toledo, Lucas County, Ohio. On June 19, 2000, appellant filed a negligence claim against appellee asserting that she fell due to a slippery foreign substance on appellee's property of which appellee had actual or imputed knowledge. The complaint also alleged that the applicable statute of limitations was extended because appellee's claims representative, Kellie Dillard, requested that appellant refrain from filing suit so that she could have more time to evaluate the claim. In its answer, appellee raised the defense that appellant's claim was barred by the applicable statute of limitations.
Subsequently, appellee filed a motion for summary judgment in which it again raised the defense that appellant's claim was barred by the applicable statute of limitations. Appellant responded with a memorandum in opposition supported by the affidavit of appellant's counsel, David M. Mohr. Attorney Mohr stated that in a conversation with Ms. Dillard in late November or early December 1999, Ms. Dillard asked him to refrain from filing the lawsuit in order to give her additional time to evaluate the claim and to give the parties the opportunity to settle the claim. Attorney Mohr then attested that he relied on the request of Ms. Dillard in refraining from filing suit and that he did not file suit until a settlement was not attained.
On September 18, 2001, the trial court filed an opinion and judgment entry granting appellee summary judgment on the ground that appellant's claim was barred by the two year statute of limitations set forth in R.C. 2305.10.
Appellant's sole assignment of error challenges the trial court's grant of summary judgment. In reviewing a ruling on a summary judgment motion, this court must apply the same standard as the trial court.Lorain Natl. Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127, 129. Summary judgment will be granted where there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).
R.C. 2305.10 reads in relevant part:
 "An action for bodily injury or injuring personal property shall be brought within two years after the cause thereof arose."
Appellant asserts, however, that appellee should be estopped from asserting the statute of limitations defense.
In Hounshell v. American States Ins. Co. (1981), 67 Ohio St.2d 427, syllabus, the Supreme Court of Ohio held:
 "An insurance company may be held to have waived a limitation of action clause in a fire insurance policy by acts or declarations which evidence a recognition of liability, or acts or declarations which hold out a reasonable hope of adjustment and which acts or declarations occasion the delay by the insured in filing an action on the insurance contract until after the period of limitation has expired."
Appellant contends that she presented evidence in the form of Attorney Mohr's affidavit which raised a genuine issue of material fact that appellant's late filing of the action was occasioned by Ms. Dillard's request to delay the filing so that she could evaluate the claim. Thus, appellant asserts that appellee's defense of the statute of limitations should be defeated by the doctrine of equitable estoppel.
The Eighth District Court of Appeals has stated that:
 "To show a prima facie case for application of equitable estoppel, a plaintiff must show that (1) the defendant made a factual misrepresentation, (2) that is misleading, (3) that induces actual reliance that is reasonable and in good faith, and (4) that causes detriment to the relying party." Walworth v. BP Oil Co. (1996), 112 Ohio App.3d 340, 345.
There is nothing in the record before this court to establish that appellee made any factual misrepresentations to appellant at any time. In particular, there is no evidence that appellee represented to appellant that it would waive the statute of limitations defense if appellant would delay in filing the action. The facts simply establish that six months prior to the running of the statute of limitations, appellee's claims representative asked Attorney Mohr to hold off on filing the lawsuit to give her time to evaluate the claim. Nothing in the record demonstrates any further contact between the parties after that discussion of November or December 1999. There is also nothing in the record from which one could discern how long Ms. Dillard intended appellant to forego filing her action. Attorney Mohr surely had some responsibility to follow up on his discussion with Ms. Dillard.
Accordingly, given the undisputed facts of this case, and viewing those facts in a light most favorable to appellant, reasonable minds could only conclude that no evidence of a factual misrepresentation regarding appellee's intent to waive the statute of limitations defense was offered by appellant. See Minnick v. Lee (Feb. 12, 1999), Lucas App. No. L-98-1221, unreported. Appellee was, therefore, entitled to judgment as a matter of law, and the sole assignment of error is not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., James R. Sherck, J., and Mark L. Pietrykowski,P.J., CONCUR.